UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
ARBITRATION OF DISPUTES

between

THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND AND
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,

and

TRUTHFUL FASHION INC.,
Respondent.

07 CV 3898
JUDGE STANTON

**PETITION TO CONFIRM
ARBITRATION AWARD**

MAY 18 2007

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss. |
| County of New York | ) |

The Petition of The Trustees of the UNITE HERE National Health Fund and The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioners"), by their attorney Mark Schwartz, respectfully shows to this Court and alleges that:

1.    I am Counsel to Petitioners herein and am duly admitted to practice law before the Courts of the State of New York and before this Honorable Court and am fully familiar with the prior proceedings had in this matter.  I submit this Petition in support of Petitioners' application for an Order confirming the Arbitration Award of Philip Ross (hereinafter, the "Arbitrator"), dated February 27, 2007.

2.    The Trustees of the UNITE HERE National Health Fund and The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Funds"), with their sole office at 730 Broadway, New York, New York 10003-9511, is an employee benefit plan within the meaning of Section 3 (3) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 U.S.C. 1002 (3), established pursuant to an Agreement and Declaration of Trust and by a Collective Bargaining Agreement entered into between the Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC, presently known as UNITE HERE (hereinafter, the "Union"), and employers in the men's and boy's clothing industry.  The Funds were created to provide benefits to eligible employees of contributing employers.  Employer contributions and income earned thereupon are the sole source of funding.  The employees themselves do not contribute to the Funds through union dues or otherwise.

3.    Truthful Fashion Inc. (hereinafter, the "Respondent"), is a party to a Collective Bargaining Agreement dated June 1, 2001 and a Memorandum of Agreement dated June 1, 2002 (the Collective Bargaining Agreement and the Memorandum of Agreement are collectively referred to

herein as the Collective Bargaining Agreement) entered into between the Greater Blouse, Skirt and Undergarment Association, Inc. with Local 23-25 and Local 10 of the New York Metropolitan Area Joint Board of the Union. The Collective Bargaining Agreement obligates the employer to contribute to the Funds based upon stated percentages of its gross payroll.

4.  A dispute has arisen concerning Respondent's obligation to contribute to the UNITE HERE National Health Fund for the period of January 1, 2003 through March 31, 2006 in the amount of $14,377.02.

5.  A dispute has arisen concerning Respondent's obligation to contribute to the UNITE HERE National Retirement Fund for the period of January 1, 2003 through March 31, 2006 in the amount of $1,532.93.

6.  Pursuant to the Collective Bargaining Agreement, the dispute was referred to the Arbitrator for arbitration on February 27, 2007.

7.  After considering the evidence presented at the hearing, the Arbitrator issued an Arbitration Award directing the Respondent to pay the delinquent contributions to the UNITE HERE National Health Fund in the amount of $14,377.02 and to the UNITE HERE National Retirement Fund in the amount of $1,532.93, plus interest and incidental costs, for a total Award of $19,967.51. A copy of the Arbitration Award is annexed hereto as **Exhibit A**.

8.  Prior to the arbitration the Petitioners served a subpoena upon the Respondent directing it to produce its payroll records. A copy of the subpoena is annexed hereto as **Exhibit B**.

9.  The Respondent failed to appear at the arbitration hearing. At the hearing the Petitioners provided the preliminary audit findings after an examination of the Respondent's books and records for the period of January 1, 2003 through March 31, 2006, which revealed an audit deficiency due to the Petitioners, The Trustees of the UNITE HERE National Health Fund, in the amount of $14,377.02 and The Trustees of the UNITE HERE National Retirement Fund, in the amount of $1,532.93. A copy of the preliminary audit findings is annexed hereto as **Exhibit C**, which was reviewed by the Arbitrator.

10. The arbitration award is based upon the preliminary audit findings prepared by the Petitioners and presented to the arbitrator. The Collective Bargaining Agreement provides that all disputes under the contract shall be submitted to Dr. Philip Ross for arbitration and final determination. Article 43(e) of the Collective Bargaining Agreement provides that:

> If the complainant or respondent fails to appear before the Impartial Chairman after it has been given such notice through the Association or Local 23-23 and/or Local 10 as the case may be, the Impartial Chairman is hereby authorized to render an award or decision upon the testimony of the party appearing.

11. The Collective Bargaining Agreement, entered into between the Greater Blouse, Skirt and Undergarment Association, Inc. (Sportswear Division) with Local 23-25 and Local 10 of the New York Metropolitan Area Joint Board, UNITE HERE and the Respondent, in Article 43(10), thereof states that:

The initial paper, notice or process in any application to a court to confirm and enforce an award of the Impartial Chairman, including process conferring jurisdiction upon the court of the parties involved, shall be made by certified mail or regular mail.

12.     On March 12, 2007, the Petitioners served a copy of the Arbitration Award on Respondent by certified mail, return receipt requested and regular mail.

13.     To date, Respondent has not paid any part of the Arbitration Award.

14.     As a result of Respondent's failure to abide by the Arbitration Award, Petitioners now seek judicial enforcement thereof.  As more fully demonstrated in the Memorandum of Law, this court has jurisdiction over Respondent.

**WHEREFORE,** your Petitioners pray for an Order confirming the Arbitration Award, and directing the entry of Judgment in the amount of $19,967.51, together with interest from the date of the Arbitration Award to the date of Judgment at the rate of 9%, together with the costs incurred in connection with this Petition.

Dated:  May 17, 2007
      New York, New York

Mark Schwartz, Esq. – MS 0148
Attorney for Petitioners
730 Broadway, 10th Floor
New York, New York 10003
(212) 539-5275

**EXHIBIT A**

<table>
<tr><td>

In the Matter of
ARBITRATION OF DISPUTES

between

THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND AND
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,

and

TRUTHFUL FASHION INC.,
Respondent.

</td><td>

**FINDINGS AND AWARD
07 –06– R**

</td></tr>
</table>

Due notice having been given to the parties, a hearing was held before the undersigned in New York City on February 27, 2007.

A P P E A R A N C E S :

| | |
|---|---|
| The Arbitrator: | Dr. Philip Ross |
| For the Petitioners: | Mark Schwartz, Esq. |
| | Evelyn Soto |
| | Keith Hawkins |
| For the Respondent: | No Appearance |

## FINDINGS

This proceeding was instituted by the service of a statutory Notice of Intention to Arbitrate, in which it was alleged that Truthful Fashion Inc. (hereinafter, the "Respondent"), is a party to a Collective Bargaining Agreement (hereinafter, the "Agreement"), entered into between the Greater Blouse, Skirt and Undergarment Association, Inc. (Blouse Division) with Local 23-25 and Local 10 of the New York Metropolitan Area Joint Board, UNITE HERE (hereinafter, the "Union"), and in which, pursuant to applicable law, the Respondent was notified that unless it applied to stay the proposed arbitration within 20 days after the service of the aforesaid Notice, it would be barred from putting in issue the making of the Agreement and its failure to comply therewith. More than 20 days have elapsed since the service of the aforesaid Notice at the time of the hearing in this proceeding, held as above stated, and no application to stay this proceeding has been made by the Respondent.

On the basis of the aforesaid Notice of Intention to Arbitrate, Respondent's failure to apply to stay this proceeding, and other evidence submitted, I find that, as alleged by The Trustees of the UNITE HERE National Health Fund and The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioners"), the Respondent is obligated to comply with the terms of the Agreement with the Union; that, among other things, the Agreement in Article 37 (d) thereof provides as follows:

> Should a member of the Association refuse to produce books and records that representative of the Union and the Association agree should be produced, or that are directed to be produced by the Impartial Chairman, such refusal shall be deemed an admission of any violation of the agreement charged against it by the Union, and the member of the Association shall be liable for the damages, including liquidated damages, and other relief requested by the Union in its complaint. In such event, the Union shall also have the right to strike the member of the Association notwithstanding any provision to the contrary of this agreement.

A subpoena was duly served on the Respondent requiring it to produce at the hearing all of the relevant books and records from which could be computed the exact sums due to the Petitioners for the period of January 1, 2003 through March 31, 2006.

Based on an audit of the Respondent's payroll records conducted by the Petitioner, The Trustees of the UNITE HERE National Health Fund (hereinafter, the "Health Fund"), for the period from January 1, 2003 through March 31, 2006, the Health Fund alleges shortages in contributions made by the Respondent to the Health Fund in the amount of $14,377.02.

Based on an audit of the Respondent's payroll records conducted by the Petitioner, The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Retirement Fund"), for the period from January 1, 2003 through March 31, 2006, the Retirement Fund alleges shortages in contributions made by the Respondent to the Retirement Fund in the amount of $1,532.93.

That demand for payment was duly made and refused and that there is now due and owing from the Respondent to the Health Fund in the sum of $14,377.02.

That demand for payment was duly made and refused and that there is now due and owing from the Respondent to the Retirement Fund in the sum of $1,532.93.

The Award which follows does not intend to and does not include any sums that may be due to the Petitioners for any period other than stated above, nor for any sums due to the Petitioners for the period stated above, and which would be shown upon further audit of the Respondent's books and records for such period, the results of such additional audit not being

available to me as Arbitrator due to Respondent's failure to comply with the Subpoena directed to it.

The contract provides that:

> The Employer is obligated to "pay all the amounts due, including interest, default fees and legal fees incurred."
> The agreement further provides that the interest rate on delinquent contributions is 9%.
> The agreement also further provides that if an Employer is late in making a payment, the Employer shall pay a default fee of $100.00 for the first default.

The Respondent having failed to perform and comply with the terms and provisions of the Agreement, as hereinabove found, and such default having resulted in expenditures for the Petitioners and as provided for in the Agreement, I direct that the Respondent pay to the Petitioners, such expenditures as follows, each of which I find to be reasonable in amount: Arbitrator's fees, $50.00; a default fee of $100.00 as provided for in Article 8 Section 5(b) of the Agreement; legal fees, $75.00; for total costs of $225.00 to be paid by The Trustees of the UNITE HERE National Health Fund and $225.00 to be paid by The Trustees of the UNITE HERE National Retirement Fund.

In addition, I direct that in compliance with the provisions of ERISA, Section 502 (g) (2), the Respondent pay to the Petitioners "interest on the unpaid contributions" plus "an amount equal to the greater of: (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the [Petitioners'] plan in an amount not in excess of 20 percent." The Petitioners' plans do not provide for liquidated damages but provide for interest "at an annual rate equal to 9%." Therefore, I direct that in accordance with the statutory formula, Respondent pay Petitioners, The Trustees of the UNITE HERE National Health Fund the sum of $3,168.79 and The Trustees of the UNITE HERE National Retirement Fund, the sum of $438.77, in interest on shortages in contributions which sums are hereby awarded against the Respondent in favor of the Petitioners.

## AWARD

Accordingly, it is hereby determined and awarded as follows:

1.      There is due and owing from the Respondent to the Petitioner, The Trustees of the UNITE HERE National Health Fund, the sum of $14,377.02, by way of unpaid contributions; the sum of $3,168.79, by way of interest provided for under ERISA, Section 502 (g) (2); the sum of

$50.00, for Arbitrator's fees, a default fee of $100.00 as provided for in Article 8 Section 5(b) of the Agreement and the sum of $75.00, for legal fees; for a total amount of $17,770.81, in favor of the Petitioner and which total amount the Respondent is to pay Petitioner forthwith.

2.    There is due and owing from the Respondent to the Petitioner, The Trustees of the UNITE HERE National Retirement Fund, the sum of $1,532.93, by way of unpaid contributions; the sum of $438.77, by way of interest provided for under ERISA, Section 502 (g) (2); the sum of $50.00, for Arbitrator's fees, a default fee of $100.00 as provided for in Article 8 Section 5(b) of the Agreement and the sum of $75.00, for legal fees; for a total amount of $2,196.70, in favor of the Petitioner and which total amount the Respondent is to pay Petitioner forthwith.

I further direct that the sum of $100.00, in Arbitrator's costs be payable to the Arbitrator, $50.00, by the Petitioners and $50.00, by the Respondent.

Dated: 2/27/07
New York, New York


PHILIP ROSS, ARBITRATOR

4

**EXHIBIT B**

In the Matter of
ARBITRATION OF DISPUTES

between

THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND AND
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,

and

TRUTHFUL FASHION INC.,
Respondent.

**NOTICE OF INTENTION
TO ARBITRATE**

Sir(s):

**PLEASE TAKE NOTICE** that pursuant to the Collective Bargaining Agreement (hereinafter, the "Agreement"), between the Greater Blouse, Skirt and Undergarment Association, Inc. (Blouse Division) with Local 23-25 and Local 10 of the New York Metropolitan Area Joint Board, UNITE HERE entered into by Truthful Fashion Inc. (hereinafter, the "Respondent"), and upon notice by The Trustees of the UNITE HERE National Health Fund and The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioners"), an arbitration will be held before Dr. Philip Ross of 525 West End Avenue, New York, New York 10024 (hereinafter, the "Arbitrator"), designated pursuant to the Agreement, on February 27, 2007, at 11:00 A.M., at the Offices of the Laundry, Dry Cleaning and Allied Workers Joint Board, UNITE HERE!, 275 7th Avenue, 7th Floor, New York, New York 10001, seeking an award against you for:

1. An audit deficiency due and owing to Petitioner, The Trustees of the UNITE HERE National Health Fund, for the period of 01/01/03–03/31/06 in the amount of $17,047.66, together with interest at the rate of 9% and $1,000.00 in audit fees as provided by the governing Collective Bargaining Agreement; and

2. An audit deficiency due and owing to Petitioner, The Trustees of the UNITE HERE National Retirement Fund, for the period of 01/01/03-03/31/06 in the amount of $1,911.73, together with interest at the rate of 9% and $1,000.00 in audit fees as provided

by the governing Collective Bargaining Agreement.

together with INTEREST, ARBITRATOR'S FEES and EXPENSES, ATTORNEY'S FEES and the cost of the AUDIT, if awarded.

**PLEASE TAKE FURTHER NOTICE** that unless you apply to stay this arbitration within twenty (20) days after the service of this notice upon you, you shall be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time.

Dated: February 6, 2007
        New York, New York


                                    THE TRUSTEES OF THE
                         UNITE HERE NATIONAL HEALTH FUND AND
                                    THE TRUSTEES OF THE
                         UNITE HERE NATIONAL RETIREMENT FUND


                    By:  _____
                         Mark Schwartz, Esq. – MS 0148
                         Attorney for Petitioners
                         730 Broadway, 10th Floor
                         New York, New York 10003-9511
                         (212) 539-5275


Account No. 023I66848

Certified Return Receipt No. 7005 1160 0004 3513 0398

Please address all Inquires to:
Annie Habeeb at (212) 539-4231

In the Matter of
ARBITRATION OF DISPUTES

between

THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND AND
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,

and

TRUTHFUL FASHION INC.,
Respondent.

**SUBPOENA
DUCES TECUM**

To:    Truthful Fashion Inc.
       243 Canal Street, 2nd Floor
       New York, New York 10013

### GREETING:

**WHEREAS**, an action has been commenced before the Honorable Philip Ross, Impartial Chairman, between The Trustees of the UNITE HERE National Health Fund and The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioners"), and Truthful Fashion Inc. (hereinafter, the "Respondent"), who are all the parties named in said action,

**NOW, THEREFORE, YOU ARE COMMANDED** to appear and attend before the Honorable Philip Ross, Impartial Chairman, at the Offices of the Laundry, Dry Cleaning and Allied Workers Joint Board, UNITE HERE, 275 7th Avenue, 7th Floor, New York, New York 10001, on the 27th day of February 2007, at 11:00 A.M. in the morning, and at any recessed or adjourned date for the giving of testimony on all matters relevant to the arbitration hearing,

**AND YOU ARE FURTHER COMMANDED** to produce for examination at such time and place all your payroll records including but not limited to social security quarterly reports, weekly payroll journals, state employment insurance records, cash disbursements

book, and any other books or records which are required to determine your liability to the

Petitioners for the period of 01/01/03–03/31/06.

      **WITNESS**, Honorable Philip Ross, Impartial Chairman, at New York, New York on

the 6th day of February 2007.


                                            THE TRUSTEES OF THE
                           UNITE HERE NATIONAL HEALTH FUND AND
                                      THE TRUSTEES OF THE
                    UNITE HERE NATIONAL RETIREMENT FUND


By:    _____
               Mark Schwartz, Esq. – MS 0148
               Attorney for Petitioners
               730 Broadway, 10th Floor
               New York, New York 10003-9511
               (212) 539-5275


Account No. 023I66848

Certified Return Receipt No. 7005 1160 0004 3513 0398

**EXHIBIT C**

TO: Truthful Fashion Inc.
243 Canal Street, 2nd/Fl
New York, NY 10013

BILL: 06LL45 (Revised)

**UNITE HERE FUND ADMINISTRATORS**
212-539-4203
**PRELIMINARY AUDIT FINDINGS**

Date: 02/23/07
Firm #: 023168848
Association: Greater Blouse, Skirt & Undergarment
Audit Period: 01/01/03 - 03/31/06
Remitted Thru: 03/31/06
Interest: 9.00% COMPOUNDED

Page 1 of 2

| LINE # | DESCRIPTION | PERIOD FROM | THRU | Weeks/months CHARGEABLE | Weeks/months REPORTED | NOT REPORTED | RATE | FUNDS DUE | INTEREST # OF MO. | INTEREST RATE | INTEREST DUE | TOTAL DUE FUNDS + INTEREST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Payroll (Per Capita) | | | | | | | | | | | |
| 1 | " | 01/01/03 | 12/31/03 | 36 | - | 36 | $ 94.50 | 3,402.00 | 37 | 0.31846 | $ 1,083.40 | $ 4,485.40 |
| 2 | " | 01/01/04 | 08/31/04 | 43 | - | 43 | $ 94.50 | 4,063.50 | 29 | 0.24196 | 983.19 | 5,046.69 |
| 3 | " | 09/01/04 | 12/31/04 | 21 | - | 21 | $ 129.50 | 2,719.50 | 25 | 0.20539 | 558.55 | 3,278.05 |
| 4 | " | 01/01/05 | 06/30/05 | 24 | - | 24 | $ 148.50 | 3,564.00 | 19 | 0.15254 | 543.65 | 4,107.65 |
| 5 | " | 07/01/05 | 12/31/05 | 50 | - | 50 | $ 178.50 | 8,925.00 | 0 | 0.00000 | - | 8,925.00 |
| 6 | " | 01/01/06 | 03/31/06 | 18 | - | 18 | $ 178.50 | 3,213.00 | 0 | 0.00000 | - | 3,213.00 |
| 7 | Less Jobber Credit | 01/01/03 | 03/31/06 | | - | - | | (11,509.98) | 0 | 0.00000 | - | (11,509.98) |
| | **Subtotal for Health and Welfare** | | | 192 | - | 192 | $ | 14,377.02 | | $ | 3,168.79 | $ 17,545.81 |
| 8 | Payroll (Per Capita) | | | | | | | | | | | |
| 9 | " | 01/01/03 | 12/31/03 | 36 | - | 36 | $ 20.00 | 720.00 | 37 | 0.31846 | $ 229.29 | $ 949.29 |
| 10 | " | 01/01/04 | 08/31/04 | 43 | - | 43 | $ 20.00 | 860.00 | 29 | 0.24196 | 208.08 | 1,068.08 |
| 11 | " | 09/01/04 | 12/31/04 | 21 | - | 21 | $ 20.00 | 420.00 | 0 | 0.00000 | - | 420.00 |
| 12 | " | 01/01/05 | 06/30/05 | 24 | - | 24 | $ 1.00 | 24.00 | 0 | 0.00000 | - | 24.00 |
| 13 | " | 07/01/05 | 12/31/05 | 50 | - | 50 | $ 1.00 | 50.00 | 0 | 0.00000 | - | 50.00 |
| 13 | " | 01/01/06 | 03/31/06 | 18 | - | 18 | $ 1.00 | 18.00 | 10 | 0.07788 | 1.40 | 19.40 |
| 14 | Less Jobber Credit | 01/01/03 | 03/31/06 | | - | - | | (559.07) | 0 | 0.00000 | - | (559.07) |
| | **Subtotal for Retirement** | | | 192 | - | 192 | $ | 1,532.93 | | $ | 438.77 | $ 1,971.70 |
| 15 | Payroll (Per Capita) | | | | | | | | | | | |
| 16 | " | 01/01/03 | 12/31/03 | 36 | - | 36 | $ 0.25 | 9.00 | 37 | 0.31846 | $ 2.87 | $ 11.87 |
| 17 | " | 01/01/04 | 08/31/04 | 43 | - | 43 | $ 0.25 | 10.75 | 29 | 0.24196 | 2.60 | 13.35 |
| 18 | " | 09/01/04 | 12/31/04 | 21 | - | 21 | $ 0.25 | 5.25 | 25 | 0.20539 | 1.08 | 6.33 |
| 19 | " | 01/01/05 | 06/30/05 | 24 | - | 24 | $ 0.25 | 6.00 | 19 | 0.15254 | 0.92 | 6.92 |
| 20 | " | 07/01/05 | 12/31/05 | 50 | - | 50 | $ 0.25 | 12.50 | 0 | 0.00000 | - | 12.50 |
| 20 | " | 01/01/06 | 03/31/06 | 18 | - | 18 | $ 0.25 | 4.50 | 0 | 0.00000 | - | 4.50 |
| 21 | Less Jobber Credit | 01/01/03 | 03/31/06 | | - | - | | (18.49) | 0 | 0.00000 | - | (18.49) |
| | **Subtotal for Industry Promotion** | | | 192 | - | 192 | $ | 29.51 | | $ | 7.47 | $ 36.98 |

Page 2 of 2

## UNITE HERE FUND ADMINISTRATORS
### 212-539-4203
### PRELIMINARY AUDIT FINDINGS

BILL: 06IL45  (Revised)

TO: Truthful Fashion Inc.
243 Canal Street, 2nd/Fl
New York, NY 10013

Date: 02/23/07
Firm #: 023I66848
Association: Greater Blouse, Skirt & Undergarment
Audit Period: 01/01/03 - 03/31/06
Remitted Thru: 03/31/06
Interest: 9.00% COMPOUNDED

| DESCRIPTION | PERIOD FROM | THRU | Weeks/months CHARGEABLE | Weeks/months REPORTED | NOT REPORTED | RATE | FUNDS DUE | INTEREST # OF MO. | INTEREST RATE | INTEREST DUE | TOTAL DUE FUNDS + INTEREST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 23 Payroll (Per Capita) | 01/01/03 | 12/31/03 | 36 | - | 36 | $ 0.25 | $ 9.00 | 37 | 0.31846 | $ 2.87 | $ 11.87 |
| 24 | 01/01/04 | 08/31/04 | 43 | - | 43 | $ 0.25 | $ 10.75 | 29 | 0.24196 | $ 2.60 | $ 13.35 |
| 025 | 09/01/04 | 12/31/04 | 21 | - | 21 | $ 0.25 | $ 5.25 | 25 | 0.20539 | $ 1.08 | $ 6.33 |
| 026 | 01/01/05 | 06/30/05 | 24 | - | 24 | $ 0.25 | $ 6.00 | 19 | 0.15254 | $ 0.92 | $ 6.92 |
| 27 | 07/01/05 | 12/31/05 | 50 | - | 50 | $ 0.25 | $ 12.50 | 0 | 0.00000 | $ - | $ 12.50 |
| 27 | 01/01/06 | 03/31/06 | 18 | - | 18 | $ 0.25 | $ 4.50 | 0 | 0.00000 | $ - | $ 4.50 |
| 028 Less Jobber Credit | 01/01/03 | 03/31/06 | | - | | 0.25 | (18.49) | 0 | 0.00000 | $ - | (18.49) |
| Subtotal for Council of Amer. Fashion | | | 192 | - | 192 | $ | 29.51 | | $ | 7.47 | 36.98 |

Please issue check and mail with copy of this invoice to:
UNITE HERE National Health Fund (ES Division)
PO Box 1454 GPO
New York, NY 10116-1454

TOTAL FUNDS DUE $ 15,968.97

TOTAL INTEREST DUE $ 3,622.50

TOTAL DUE FUNDS + INTEREST $ 19,591.47

DISPUTES MUST BE SUBMITTED IN WRITING WITHIN 60 DAYS. FULL PAYMENT IS DUE WITHIN 65 DAYS IF NO DISPUTE SUBMITTED.
IF TOTAL DUE IS A CREDIT, PLEASE APPLY CREDIT TO NEXT MONTH'S REMITTANCE AND ATTACH A COPY OF THIS INVOICE.